FAJARDO, DEMANDANTE Y APELANTE, *v.* SABATER, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre indemnización de daños y perjuicios por libelo.

No. 1030.—Resuelto en enero 20, 1914.

LIBELO—FALTA DE CAUSA DE ACCIÓN—EXPLICACIÓN EN LA DEMANDA DE LAS PALABRAS LIBELOSAS.—En una demanda sobre indemnización de daños y perjuicios por libelo es necesario explicar por medio de un *innuendo* por qué el deman-

dante considera dichas palabras libelosas y por qué hacen relación especial al demandante, y careciendo la demanda de tales alegaciones no alega hechos suficientes para constituir una causa de acción.

ID.—ALEGACIÓN DE QUE EL DEMANDANTE ENTABLÓ UNA ACCIÓN FUNDADA EN HECHOS FALSOS CONTRA EL DEMANDADO.—El decir en una carta destituyendo a un empleado municipal, que dicho empleado ha seguido una acción fundada en hechos falsos contra la persona que lo destituye, no constituye un libelo en la significación corriente de dichas palabras, sobre todo cuando en la demanda por libelo no se hace alegación alguna tendente a explicar los hechos falsos de que se habla en la carta.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. E. Ramírez Nadal.*

Abogado del apelado: *Sr. José Sabater.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La presente fué una acción entablada con motivo de un libelo. Las palabras que se denuncian son las que aparecen contenidas en una comunicación escrita por el Alcalde sustituto de Mayagüez destituyendo al demandante del cargo de abogado del municipio. La comunicación dice lo siguiente:

"Gobierno Municipal, Mayagüez, P. R. Oficina del Alcalde. Junio 27 de 1913. Sr. Pascasio Fajardo, Abogado del municipio, Mayagüez, P. R. Señor: Encontrando que la acción desarrollada por V. como empleado del municipio, digo, como empleado municipal, formulando una demanda contra mí sobre hechos falsos, establecería un precedente impropio, funesto e incorrecto para la disciplina del Gobierno Municipal, tomando su acción como justa causa para esta determinación y haciendo uso del poder que para ello—la sección 32 de la Ley Municipal, por la presente y de este momento, queda V. destituído del cargo de abogado del municipio, que ha venido desempeñando. Atentamente. Firmado. Carlos Sabater. Alcalde Accidental."

La demanda expresa que el demandante entabló una acción contra el demandado sobre devolución de cierta suma de dinero que éste obtuvo del primero por engaño, pero que desistió de dicha reclamación por habérsele devuelto el dinero reclamado y que el demandado le escribió la comunicación por venganza personal.

En el párrafo quinto de la demanda se alega que las palabras "encontrando que la acción desarrollada por V. como

empleado municipal formulando una demanda contra mí sobre hechos falsos'' son libelosas y difamantes por haber perdido dicha comunicación su carácter de privilegiada mostrándola el demandado maliciosa y voluntariamente a personas extrañas y a otros funcionarios municipales, con el fin de que esas personas tuvieran conocimiento de dichas frases libelosas.

En el párrafo sexto de la misma se dice en efecto, que la referida comunicación fué escrita para desprestigiar al demandante como abogado y notario.

También alega el demandante que el empleo de las palabras ''que la acción desarrollada por el demandante establecería un precedente impropio, funesto e incorrecto'' envuelve un concepto libeloso.

En otras partes de la demanda se hace referencia a la publicación y alegación de daños y perjuicios. Se formuló una excepción previa a dicha demanda que fué declarada con lugar, dictando la corte su sentencia que fundó en la misma.

Las frases y palabras de la demanda que se estiman libelosas, no están explicadas por el necesario *innuendo* como exige la buena práctica en materia de alegaciones, *Baker* v. *Warner,* decidido por el Tribunal Supremo de los Estados Unidos, en diciembre 23, 1913, esto es, en la demanda no se expresa la significación libelosa que el demandante da a dichas frases, ni se explica por qué llegaron a tener esa significación y qué relación tenían con el demandante. *Maulty* v. *Bulletin Co.,* 55 Atl., 862, 864. 4 Words and Phrases Judicially Defined, 3630. No existe ninguna alegación de que fueran falsas las palabras expresadas por el demandado ni tampoco se hizo alguna otra alegación específica semejante. En otras palabras, no aparece en ninguna parte especialmente alegada la naturaleza del supuesto libelo. La demanda ha fracasado completamente por tal motivo. Véase en relación con este punto el caso de *Capó* v. *Capó,* 17 D. P. R., 255, y el de *Baker* v. *Warner,* arriba citado.

No hay alegación de daño o perjuicio específico y con excepción del párrafo sexto en que se alega que se causó daño

al demandante como abogado y notario, no existe imputación alguna de que la acción fuera libelosa *per se.* El párrafo sexto puede contestarse con sólo expresar que la comunicación no perjudicó al demandante como abogado y notario y que no tenía esa tendencia.

Dejando a un lado lo que pudiera considerarse como el aspecto más técnico del caso y dando a las palabras una significación corriente, no aparece ningún libelo. Decir que una persona ha seguido una acción fundada en hechos falsos es un hecho perfectamente compatible con la intención honrada del que así se expresa. Puede ser que una persona haya entablado un pleito equivocadamente. El demandado no hizo ninguna manifestación que atacara a la reputación del demandante y solamente estaba resentido por la demanda que estableció el demandante fundada en hechos que el demandado alegó eran falsos. Los hombres honrados pueden tener distinto criterio con respecto a si una manifestación es o nó falsa, y por el hecho de decirse que determinadas palabras son falsas no se incurre necesariamente en libelo, las que ciertamente no son libelosas en este caso especialmente, porque no tenemos una idea de cuáles fueron las palabras que se emplearon en la demanda original presentada por Pascasio Fajardo contra Carlos Sabater sobre devolución de dinero.

En cuanto a las palabras "un precedente impropio, funesto e incorrecto" ellas a lo sumo son una enérgica manifestación de la acción que adoptó el demandado, pero no constituyen libelo.

Alegó también el apelado que la comunicación era privilegiada, pero como el apelante alega una publicación especial en primer término y después otra, nuestra sentencia se funda únicamente en la falta de materia libelosa.

Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.